WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elseddig Musa,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Cash Time Loan Center,<br><br>　　　　Defendant. | No. CV-24-03055-PHX-JAT<br><br>**ORDER** |

On November 4, 2024, Plaintiff, pro se, filed the complaint in this case and moved to proceed in forma pauperis. In short summary, Plaintiff appears to be suing Defendant for repossessing a car based on a title loan. (Doc. 1).

Federal courts are courts of limited jurisdiction. As a result, they can hear only those cases that the Constitution and Congress have authorized them to adjudicate: namely, cases involving diversity of citizenship, a federal question, or cases to which the United States is a party. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party asserting jurisdiction bears the burden of proving a jurisdictional basis exists. *Id.* In this case, because Plaintiff filed suit in federal district court, Plaintiff must show that the federal court is authorized to hear the case.

Here, Plaintiff brings three causes of action. (Doc. 1). However, Plaintiff cites no law or legal theories under which his causes arise.

Plaintiff's first cause of action is "Cash Time Loan Centers violated [*sic*] Consumer Financial Protection Bureau value[s] and principles because defendant['s] practices are neither consistent with 'business necessity' [*sic*] therefore harms people when obtaining

business relationships with them." (Doc. 1 at 3).

Plaintiff's second cause of action is "Cash Time Loan violated plaintiff['s] civil right[s] because people have a priority security interest in their right to happiness, liberty, freedom, privacy, contract rights, monies, property rights, and life[.]" (*Id.*).

Plaintiff's third cause of action is for the loss of Plaintiff's personal property that was in the car at the time it was repossessed. (*Id.*).

Plaintiff has failed to establish that any of these three causes of action presents a federal question that would confer jurisdiction on this Court under 28 U.S.C. § 1331. The Court is not aware of a private right of action for a violation of the Consumer Financial Protection Bureau's principles. The Court is unaware of a private right of action against a non-Government defendant for what appears to be an allegation of a violation of the Declaration of Independence. Finally, any theory Plaintiff may have about his right to recover damages for property in the car would seemingly arise under state law.

Plaintiff does not allege diversity of citizenship between himself and Defendant, nor does Plaintiff allege an amount in controversy. Thus, jurisdiction under 28 U.S.C. § 1332 also has not been alleged.

The Court will not consider Plaintiff's request to proceed in forma pauperis (or screen the complaint under 28 U.S.C. § 1915(e)(2)[1]) until Plaintiff shows there is federal subject matter jurisdiction over this case.

---

[1]

> Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

*Kennedy v. Andrews*, 2005 WL 3358205, *2 (D. Ariz. 2005).

Thus,

**IT IS ORDERED** that within 21 days of the date of this Order, Plaintiff must file a supplement to the complaint, or an amendment to the complaint, which establishes federal subject matter jurisdiction. If Plaintiff fails to comply with this Order, the Court will dismiss this case without prejudice.

Dated this 14th day of November, 2024.

James A. Teilborg
Senior United States District Judge